IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUGUSTUS HEBREW EVANS, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : Civil Action No. 24-322-JLH |
| | : |
| BRIAN EMIG, Warden, | : |
| and ATTORNEY GENERAL OF | : |
| THE STATE OF DELAWARE, | : |
| | : |
| Respondents. | : |

**MEMORANDUM**

**I.   BACKGROUND**

In 2007, a Delaware Superior Court jury convicted Petitioner Augustus Hebrew Evans, Jr. ("Petitioner"), of second degree assault, aggravated menacing, resisting arrest, and two counts of possession of a deadly weapon during the commission of a felony ("PDWDCF"). *See Evans v. State*, 985 A.2d 390 (Table), 2009 WL 3656085, at *1 (Del. Oct. 7, 2009). The Delaware Superior Court sentenced Petitioner as a habitual offender to seventy-nine years of incarceration at Level V, suspended after seventy-two years for a period of probation. *Id.* The Delaware Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. *Id.* at *2.

In 2010, Petitioner filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2007 convictions. *See Evans v. Phelps*, Civ. A. No. 10-92, 2012 WL 1134482 (D. Del. Apr. 2, 2012). The Honorable Leonard P. Stark denied that petition as meritless. *Id.*

In March 2015, Petitioner filed in this Court a petition for a writ of error *coram nobis* with respect to his 2007 convictions. (D.I. 2 in *Evans v. Pierce*, Civ. A. No. 15-270-SLR.) The

Honorable Sue L. Robinson dismissed that petition for lack of jurisdiction. *See Evans v. Pierce*, 148 F. Supp. 3d 333, 336 (D. Del. 2015).

In March 2015, Petitioner filed an application in the Court of Appeals for the Third Circuit requesting authorization to file a second or successive habeas petition. *See In re Evans*, C.A. No. 15-1726, Application for Leave to File Second or Successive Petition Pursuant to 28 U.S.C. Section 2244(b) (3d Cir. Mar. 26, 2015). The Third Circuit denied the request. *See id.*, Order (3d Cir. Apr. 9, 2015).

On October 17, 2017, Petitioner filed in this Court a § 2254 petition alleging that: (1) the Superior Court erroneously sentenced him as a habitual offender for his 2007 convictions; (2) his sentence exceeds statutory limits and was the result of an abuse of discretion; and (3) Delaware's habitual offender statutes are unconstitutional. (D.I. 3 at 6-17 in *Evans v. Denn*, C.A. No. 17-1464-RGA.) The Honorable Richard G. Andrews dismissed the petition for lack of jurisdiction after determining that it constituted an unauthorized second or successive habeas petition. (*See id.* at D.I. 9, 10.) Petitioner filed another § 2254 petition on October 24, 2017 alleging that the 2014 amended version of Delaware Superior Court Criminal Rule 61 is unconstitutional. (D.I. 3 in *Evans v. Denn*, C.A. No. 17-1495-RGA.) Judge Andrews dismissed that petition for lack of jurisdiction because it constituted an unauthorized second or successive habeas request. (*See id.* at D.I. 6, D.I. 7.)

On March 12, 2024, Petitioner filed in this Court: (1) a new Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"); and (2) a copy of a § 2244(b) application he filed in the Third Circuit seeking permission to file a second or successive habeas petition. (D.I. 3.) The Petition and § 2244(b) application challenge the legality of Petitioner's 2007 convictions and post-conviction proceedings by asserting the following grounds for relief: (1) the trial court

Honorable Sue L. Robinson dismissed that petition for lack of jurisdiction. *See Evans v. Pierce*, 148 F. Supp. 3d 333, 336 (D. Del. 2015).

In March 2015, Petitioner filed an application in the Court of Appeals for the Third Circuit requesting authorization to file a second or successive habeas petition. *See In re Evans*, C.A. No. 15-1726, Application for Leave to File Second or Successive Petition Pursuant to 28 U.S.C. Section 2244(b) (3d Cir. Mar. 26, 2015). The Third Circuit denied the request. *See id.*, Order (3d Cir. Apr. 9, 2015).

On October 17, 2017, Petitioner filed in this Court a § 2254 petition alleging that: (1) the Superior Court erroneously sentenced him as a habitual offender for his 2007 convictions; (2) his sentence exceeds statutory limits and was the result of an abuse of discretion; and (3) Delaware's habitual offender statutes are unconstitutional. (D.I. 3 at 6-17 in *Evans v. Denn*, C.A. No. 17-1464-RGA.) The Honorable Richard G. Andrews dismissed the petition for lack of jurisdiction after determining that it constituted an unauthorized second or successive habeas petition. (*See id.* at D.I. 9, 10.) Petitioner filed another § 2254 petition on October 24, 2017 alleging that the 2014 amended version of Delaware Superior Court Criminal Rule 61 is unconstitutional. (D.I. 3 in *Evans v. Denn*, C.A. No. 17-1495-RGA.) Judge Andrews dismissed that petition for lack of jurisdiction because it constituted an unauthorized second or successive habeas request. (*See id.* at D.I. 6, D.I. 7.)

On March 12, 2024, Petitioner filed in this Court: (1) a new Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"); and (2) a copy of a § 2244(b) application he filed in the Third Circuit seeking permission to file a second or successive habeas petition. (D.I. 3.) The Petition and § 2244(b) application challenge the legality of Petitioner's 2007 convictions and post-conviction proceedings by asserting the following grounds for relief: (1) the trial court

violated Petitioner's due process rights by failing to give a lesser-included-offense instruction (D.I. 1 at 8-9; D.I. 3 at 6-7); (2) the Superior Court violated the "non-retroactivity" rule announced in *Teague v. Lane*, 489 U.S. 288 (1989) by retroactively applying the 2014 version of Rule 61 to Petitioner's state collateral review proceeding because his criminal case became "final" in February 2009 (D.I. 1 at 10-11; D.I. 3 at 6.); (3) the Superior Court violated the *ex post facto* clause by retroactively applying the 2014 version of Rule 61 to Petitioner's state collateral review proceeding because he was convicted in 2007 (D.I. 1 at 12-13; D.I. 3 at 6); and (4) Petitioner has newly-discovered evidence of his actual innocence (*e.g.*, exculpatory eyewitness statements that were allegedly withheld during his trial) (D.I. 1 at 14-15; D.I. 3 at 15). On April 17, 2024, the Third Circuit denied Petitioner's request to file a second or successive habeas petition, and subsequently denied his motion for *en banc* rehearing on May 15, 2024. (*See* D.I. 5, 7 in *In re: Augustus Evans, Jr.*, C.A. No. 24-1475 (3d Cir. 2024).)

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 2244(b)(3)(A), a petitioner must seek authorization from the appropriate court of appeals before filing a second or successive habeas petition in a district court. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); Rule 9, 28 U.S.C. foll. § 2254. A habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts claims that were, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003). When presented with an unauthorized second or successive petition, a district court's "only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002); *see also* 28 U.S.C. § 2244(b)(1).

As set forth above, Petitioner sought, and was denied, authorization from the Third Circuit Court of Appeals to file a successive § 2254 petition in this Court. Accordingly, the Court will dismiss the instant unauthorized second or successive Petition for lack of jurisdiction.

## III. CONCLUSION

The Court will dismiss the instant Petition because it constitutes an unauthorized second or successive habeas petition. In addition, the Court will not issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see *United States v. Eyer*, 113 F.3d 470 (3d Cir.1997); 3d Cir. LAR 22.2 (2011). The Court will issue an Order consistent with this Memorandum.

Dated: May 20, 2024

The Honorable Jennifer L. Hall
United States District Court

4